**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION**

**RONDA S. DICKERSON,**

        **Plaintiff,**

   **vs.**                                      **Civil Action 2:10-CV-776
                                                 Judge Marbley
                                                 Magistrate Judge**

**COMMISSIONER OF SOCIAL SECURITY,**

        **Defendant.**

### OPINION AND ORDER

Plaintiff in this action seeks review of the denial by the Commissioner of Social Security of her applications for disability insurance benefits and supplemental security income. On August 16, 2011, the United States Magistrate Judge recommended that the decision of the Commissioner be reversed and that this action be remanded for further proceedings. *Report and Recommendation*, Doc. No. 18. This matter is now before the court on the Commissioner's objections to that *Report and Recommendation*. *Objection,* Doc. No. 19. The Court will consider the matter *de novo*. 28 U.S.C. §636(b); Fed. R. Civ. P. 72(b).

The administrative law judge rejected the opinions of disabling fatigue[1] articulated by plaintiff's treating providers, Drs. Roth and

---

[1] It is true, as the Commissioner points out in the *Objection*, that the administrative law judge partially credited the opinions of plaintiff's treating providers. *A.R.*, 24, 25. However, the administrative law judge rejected their opinions of disabling fatigue.

Grant, and credited instead the opinions of the consultative medical examiner, Dr. Tripathi, and the reviewing state agency physician, both of whom rendered their opinions prior to the diagnosis of hepatitis C. The administrative law judge also rejected plaintiff's subjective complaints of fatigue as inconsistent with the medical record and with her activities of daily living.  The Magistrate Judge concluded that the matter should be remanded for further consideration of plaintiff's subjective complaints of fatigue caused by her documented hepatitis C:

> This Court concludes that, in rejecting plaintiff's subjective complaints of fatigue and her treating physicians' notations of fatigue, the administrative law judge mischaracterized the record. Dr. Grant's assessments of plaintiff's ability to engage in work-related functions have been based primarily on fatigue.  Although the administrative law judge found that such assessments were contrary to even Dr. Grant's own treatment notes, the fact is that Dr. Grant's notes are replete with references to plaintiff's fatigue. Although the administrative law judge rejected Dr. Roth's assessment as inconsistent with the successful treatment of plaintiff's hepatitis C, the fact remains that, notwithstanding that treatment, both Dr. Roth and Dr. Grant noted persistent complaints of fatigue.  This Court therefore concludes that the matter must be remanded for further consideration of plaintiff's subjective complaints of disabling fatigue in light of the entire record.[fn]
> 
> ──────────
> 
> [fn]At a minimum, it may be that plaintiff's fatigue resulted in a closed period of disability during treatment for hepatitis C.

*Report and Recommendation*, at 8.  In the *Objections,* the Commissioner argues that, because treatment of plaintiff's hepatitis C was apparently successful and because plaintiff did not complain of extreme fatigue at every appointment with her treating providers, the administrative law judge's evaluation of the medical evidence and

2

plaintiff's credibility enjoys substantial support in the record and must be affirmed.

This Court agrees with the reasoning of the *Report and Recommendation*.  In determining plaintiff's residual functional capacity, and, implicitly, in his evaluation plaintiff's complaints of fatigue, the administrative law judge expressly relied on the opinions of the non-examining state agency physicians and, to a lesser extent, the consultative examiner Dr. Tripathi.  *A.R.* 25. However, the record is clear that, at the time those physicians rendered their opinions, they did not have before them documents reflecting the diagnosis of hepatitis C, which is the basis of plaintiff's claimed disabling fatigue.  Under these circumstances, the Court agrees that the matter must be remanded for further consideration of plaintiff's complaints of disabling fatigue.

The Commissioner's *Objection*, Doc. No. 19, is **DENIED**.  The *Report and Recommendation*, Doc. No. 18, is **ADOPTED and AFFIRMED**.  The decision of the Commissioner is **REVERSED** and this action is **REMANDED** to the Commissioner of Social Security for further consideration of plaintiff's complaints of disabling fatigue.

The Clerk shall enter **FINAL JUDGMENT** pursuant to Sentence 4 of 42 U.S.C. §405(g).

                                 s/Algenon L. Marbley
                                   Algenon L. Marbley
                               United States District Judge